07 CV 5611

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JUDGE KOELTL

| | |
|---|---|
| CHRISTOPHER SPENCE, an individual, on his own behalf and on behalf of all similarly situated,<br><br>Plaintiff<br><br>v.<br><br>CODEMASTERS INC. and CODEMASTERS USA GROUP, INC, Delaware corporations,<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>JURY DEMAND |



RECEIVED JUN 1 2 2007 U.S.D.C. S.D.N.Y. CASHIERS

## CLASS ACTION COMPLAINT

Plaintiff Christopher Spence, by his attorneys, makes this class complaint against Defendants, Codemasters Inc. and Codemasters USA Group, Inc., on his own behalf and on behalf of all others similarly situated. Plaintiff's allegations are based on information and belief, except to his own actions, which are based on knowledge. Plaintiff's information and belief are based on the investigation of his counsel, and facts that are a matter of public record.

### Nature of the Claim

1. Defendants, Codemasters Inc. and Codemasters USA Group, Inc. market and distribute certain computer software games which include StarForce digital rights management ("DRM") systems. The Defendant's parent, The Codemasters Software Company Limited ("Codemasters UK," a corporate body domiciled in the United Kingdom) is a leading publisher of computer games. It releases its software games (or "titles") on optical media, which resemble CDs. Beginning in 2004, Codemasters UK began to use StarForce DRM on certain of its games.

2. When StarForce games are played, they install StarForce DRM without giving users any indication that they do so.

3. StarForce DRM can compromise Windows operating systems' security, adversely affect the performance of a user's computer, and can cause hardware damage.

4. Users receive no notice that removing StarForce DRM is necessary to prevent possible security compromise on their computer systems. Worse, removal of StarForce titles does

not always remove StarForce DRM software.

## Parties

5. **Spence:** Christopher Spence ("Plaintiff") is a New Hampshire resident who does business as Algorithm Consulting in Windham, New Hampshire. Spence purchased and installed "Soldiers: Heroes of World War II" on his personal computer, and experienced various performance problems and random crashes until he removed StarForce.

6. **Codemasters:** Codemasters Inc. is a Delaware corporation which maintains its headquarters at 373 Park Avenue South, 4th Floor, New York, NY 10016-8805. Codemasters USA Group, Inc. is a Delaware corporation which shares the headquarters of Codemasters Inc. Because at this time Plaintiff is ignorant of the respective roles of Codemasters USA Group, Inc. and Codemasters Inc. in the acts alleged herein, Plaintiffs alleges that both are responsible for the acts alleged herein, and collectively refers to the Defendants as "Codemasters."

## Jurisdiction and Venue

7. **Federal Subject Matter:** Spence asserts a claim under the Computer Fraud and Abuse Act, under 18 U.S.C. § 1030(g), on behalf of himself and all others similarly situated. This Court has federal subject matter jurisdiction over this case under 28 U.S.C. § 1331.

8. **Diversity Jurisdiction Under CAFA:** Plaintiff asserts claims of behalf of a proposed national class whose members are scattered throughout the fifty states. Defendants are Delaware corporations headquartered in New York; Defendants can only claim New York and Delaware citizenship. Regardless of where Defendants' principal places of business are located, there must at least 47 states besides those whose citizenship Defendants claim, in which members of the proposed class reside and are citizens: there must be minimal diversity of citizenship between proposed class members and the Defendants. When the class claims are aggregated, the amount in controversy exceeds the sum or value of $5,000,000. This Court also has subject matter jurisdiction over this case under 28 U.S.C. § 1332(d).

9. **Personal Jurisdiction:** This Court has personal jurisdiction over the Defendants under

N.Y. C.P.L.R. §§ 301, 302 because Defendants maintain their corporate headquarters in, and committed the majority of acts alleged herein, in New York and, specifically, the Southern District of New York.

10. **Venue:** Venue is also proper before this Court under 28 U.S.C. § 1391(b)(1), (2), (c).

## Codemasters' Use of StarForce

11. Beginning in 2004, Codemasters and/or Codemasters UK began encoding certain of its most commercially successful software titles with StarForce DRM, including "Soldiers: Heroes of World War II" (released on June 30, 2004), "Colin McRae Rally 2005" (September 2004), "TOCA Race Driver 2" (October 21, 2004), "Second Sight" (February 15, 2005), "TOCA Race Driver 3" (February 24, 2006) "Micro Machines V4" (June 27, 2006) (collectively, the "StarForce Games"). Codemasters published and distributed StarForce Games throughout North America.

12. StarForce DRM is made by Protection Technology Co., a corporate body domiciled in the Russian Federation. On information and belief, Codemasters had little or no inkling of how StarForce DRM works (and received no explanation from Protection Technology Co.), and was aware of widespread reports that StarForce caused software and hardware damage, but nevertheless encoded its games with StarForce DRM and distributed the resulting StarForce Games to unsuspecting consumers.

13. StarForce DRM is designed to prevent users from using unauthorized copies of StarForce Games. StarForce DRM requires users to play games with the original optical media produced by StarForce.

14. StarForce DRM interferes with or replaces the software drivers for the optical drives (CD and DVD drives) integrated in users' computers. These drivers can potentially compromise Windows operating systems' security, by providing a means for viruses and other malware to control of any application installed on the computer with the StarForce Game.

15. When a user installs a StarForce Titles on his or her computer system, software from StarForce DRM is also installed.

16. Users most commonly install and uninstall programs through the "Add/Remove Programs" utility in the Microsoft Windows operating system. However, when the user uninstalls a Starforce Game, the StarForce DRM software is not always removed with the game.

17. StarForce Games provide no indication that they are encoded with StarForce DRM. Before Codemasters games install themselves on user's computers, they display an End User License Agreement ("EULA") and require the users to accept its terms. Codemasters' EULAs do not alert users that StarForce DRM is installed with the StarForce Game, nor does Codemasters provide any other disclosure that StarForce DRM is installed with StarForce Games.

18. Defendants' failure to disclose, inadequate disclosure, and/or concealment of the StarForce DRM encoded on the StarForce Games is material because:

   (a) Removal of a StarForce Game does not remove the StarForce DRM;

   (b) The optical media on which StarForce Games are encoded are not standard CDs or DVDs – StarForce DRM reduces StarForce Games' tolerance for normal wear and tear, and unreasonably shortens the time over which a StarForce Game will function;

   (c) StarForce DRM consumes an unreasonable amount of a computer's resources, slowing it, harming its performance, and making substantially more likely to freeze, crash, or even continuously reboot;

   (d) StarForce DRM can disable the optical drives altogether when it replaces the software drivers for those optical drives;

   (e) StarForce DRM can prevent common and entirely legitimate software which emulates physical disk drives not to work;

   (f) StarForce DRM collects personal data about the computer user and his or her computer and exchanges information between the user's computer and StarForce's computer servers; and

   (g) StarForce DRM is unreasonably likely to cause physical harm to a user's optical drives, including causing the optical drives to strip their worm gears.

**Class Certification Allegations**

19. Plaintiff seeks certification of an Injunctive Class of all natural persons who purchased a StarForce Title for injunctive relief. Plaintiff seeks certification of a Declaratory Subclass

of all natural persons who purchased and installed a StarForce Title for declaratory judgment under 28 U.S.C. § 2201 that Codemasters is liable for damages. However, due to the Plaintiff's understanding of the facts at this time, Plaintiff does not seek to certify a class or subclass for the amount of damages. Plaintiff seeks certification under Rule 23(b)(2) and, subject to Rule 23(c)(4)(A), Rule 23(b)(3).

20. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the other Class and Subclass members, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class or Subclass, and Defendant has no defenses unique to Plaintiff.

## Allegations to Certification of Injunctive Class

21. **Definition of the Injunctive Class:** Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this Complaint against Codemasters on behalf of himself and all natural persons in the United States or Canada who purchased one or more PC video games published by Codemasters which was encoded with StarForce DRM (the "Class"). Excluded from the Class are 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants have a controlling interest and their current or former employees, officers and directors; and 3) persons who properly execute and file a timely request for exclusion from the class and 4) the legal representatives, successors or assigns of any such excluded persons. Members of the Injunctive Class can be identified by their possession of a StarForce Game or by prove of purchase of any StarForce Game.

22. **Class Numerosity:** The exact number of Class members is unknown and is not available to Plaintiff, but it is clear that individual joinder of all Class members is impracticable. Upon information and belief, Defendants sold approximately £7 million worth of video games in the United States in 2006, and sold £4.4 million worth of video games in 2005. These sales figures equate to hundreds of thousands of games, a substantial portion of which are StarForce Games.

23. **Class Commonality:** Common questions of fact and law exist as to all Class members and predominate over the questions affecting only individual Class members. These common questions include whether:

   (a) Defendants encoded the StarForce Games with StarForce DRM;

   (b) Removal of a StarForce Game does not remove the StarForce DRM;

   (c) The optical media on which StarForce Games are encoded are not standard CDs or DVDs – StarForce DRM reduces StarForce Games' tolerance for normal wear and tear, and unreasonably shortens the time over which a StarForce Game will function;

   (d) StarForce DRM consumes an unreasonable amount of a computer's resources, slowing it, harming its performance, and making substantially more likely to freeze, crash, or even continuously reboot;

   (e) StarForce DRM can disable the optical drives altogether when it replaces the software drivers for those optical drives;

   (f) StarForce DRM collects personal data about the computer user and her or his computer and exchanges information between the user's computer and StarForce's computer servers;

   (g) StarForce DRM is unreasonably likely to cause physical harm to a user's optical drives, including causing the optical drives to strip their worm gears;

   (h) The damages and losses described in Paragraph 18 caused by StarForce DRM aggregate to $5,000 in value or more in the year preceding the date this Complaint was filed;

   (i) Class members' computers are protected computers under the meaning of 18 U.S.C. § 1030(e)(2);

   (j) Defendant caused StarForce DRM to be transmitted onto Class members' computers by reason of distributing StarForce Games, under the meaning of 18 U.S.C. § 1030(a)(5)(A);

   (k) Defendant intentionally damaged Class members' computers when it caused StarForce DRM to be transmitted onto their computers;

   (l) The damage caused to Class members' was unauthorized, by virtue of the Defendants' failure to disclose, inadequate disclosure, and/or concealment of the StarForce DRM on the StarForce Games and StarForce DRM's potential to cause the damages and losses described in Paragraph 18;

   (m) Defendants accessed Class members' computers by reason of distributing StarForce Games, under the meaning of 18 U.S.C. § 1030(a)(5)(A);

   (n) Defendants' access to Class members' computers and installation of StarForce DRM was without access under the meaning of 18 U.S.C. § 1030(a)(5)(A), by virtue of the Defendants' failure to disclose, inadequate

disclosure, and/or concealment of the StarForce DRM on the StarForce Games and StarForce DRM's potential to cause the damages and losses described in (c) to (h);

(o) By the acts alleged in this Complaint, Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030;

(p) By the acts alleged in this Complaint, Defendants trespassed on Class members' chattels, namely, their personal computers; and

(q) Plaintiff and the other Class members are entitled to injunctive relief.

24. **Class Typicality:** Plaintiff's claims are typical of the claims of other Class members, as the wrongful conduct of Defendants threatens the Plaintiff and other Class members with the same injury and/or damages arising out of and based upon the same transactions, made uniformly to the Plaintiff and the public.

25. **Policies Generally Applicable to the Class:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole. The policies of the Defendants challenged herein apply and affect the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiff.

### Allegations to Certification of Liability Subclass

26. **Definition of the Liability Subclass:** Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this Complaint against Codemasters on behalf of himself and all natural persons in the United States or Canada who purchased one or more PC video games published by Codemasters which was encoded with StarForce DRM, installed such game, and the game damaged their computer (the "Subclass"). Excluded from the Subclass are 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants have a controlling interest and their current or former employees, officers and directors; and 3) persons who properly execute and file a timely request for exclusion from the class and 4) the legal representatives, successors or assigns of any such excluded persons.

27. **Subclass Numerosity:** The exact number of Subclass members is unknown and is not available to Plaintiff, but it is clear that individual joinder of all Subclass members is impracticable. Upon information and belief, a substantial portion of the hundreds of thousands of games sold by Defendants are StarForce Games, and a substantial portion of those StarForce Games have been installed and damaged the computer on which they were installed.

28. **Subclass Commonality:** Common questions of fact and law exist as to all Subclass members and predominate over the questions affecting only individual Subclass members. In addition to the common questions raised by the Class, these common questions include whether:

    (a) The StarForce DRM from a StarForce Game damaged the Subclass members' computers;

    (b) Plaintiff and the other Subclass members are entitled to declaratory relief that the Defendants are liable for damages under a common law theory of trespass to chattels; and

    (c) Plaintiff and the other Subclass members are entitled to declaratory relief that the Defendants are liable for damages under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

29. **Subclass Typicality:** Plaintiff's claims are typical of the claims of other Subclass members, as the wrongful conduct of the Defendants threatens the Plaintiff and other Subclass members with the same injury and/or damages arising out of and based upon the same transactions, made uniformly to the Plaintiff and the public.

30. **Policies Generally Applicable to the Subclass:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Subclass, thereby making appropriate declaratory relief with respect to the Subclass as a whole. The policies of the Defendants challenged herein apply and affect the Subclass uniformly, and Plaintiff's challenge of these policies hinges on Defendant's conduct, not on facts or law applicable only to Plaintiff.

31. **Limited Purpose of Subclass Certification:** Based on what Plaintiff and his counsel know now, it would not be appropriate to certify a class for a damages judgment. The

damages will vary a great deal from Subclass member to Subclass member: some will have only minor software damage that can be repaired with easily obtained software. Other Subclass members will have inoperable and physically damaged optical drives, while still others will have lost data with extremely high value due to StarForce DRM. Because of great variation of Subclass members' damages, uniform compensation to Subclass members or even a ministerial claims process would be inappropriate. Thus, it appears that a class determination of damages is also inappropriate. Therefore, pursuant to Rule 23(c)(4)(A), Plaintiff seeks a certification for the limited purpose of a declaratory judgment that Defendant is liable to the Subclass members for damages under 18 U.S.C. § 1030, but leaves adjudication of the quantum of the damages to individual proceedings. Plaintiff and his counsel reserve the right, however, to revisit this conclusion after discovery.

32. **Predominance and Superiority:** This class action is nonetheless appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all members is impracticable, and the damages suffered by each individual Class and Subclass member will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the actions of Defendants. Judicial economy will be greatly enhanced by the relief sought for the Subclass – declaratory judgment on the Defendants' *liability*, even though individual Subclass members may have to litigate their *damages* on an individual basis. Given the evidentiary burdens of showing that StarForce DRM causes damage to computers and proving Defendants' liability, it would be virtually impossible for the Class and Subclass members to obtain effective relief from Defendants' misconduct on an individual basis. Even if members of the Subclass themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and

provides the benefits of single adjudication, economy of scale, and supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### Count I: Plaintiff's Individual Claim Under the New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:2

33. Plaintiff incorporates the above allegations by reference as if set forth herein at length.

34. By failing to disclose, inadequate disclosing, and/or concealing of the StarForce DRM encoded on the StarForce Games, the Defendants concealed facts material to the characteristics, ingredients, uses, and benefits of the StarForce Game which Plaintiff purchased (namely, those material facts alleged in Paragraph 18).

35. Defendants distributed and sold the StarForce Game in trade or commerce in New Hampshire. Defendants distributed and sold the StarForce Game in the ordinary course of their business.

36. Defendants' sale and distribution of the StarForce Game which Plaintiff purchased violated the NHCPA, N.H. Rev. Stat. § 358-A:2.

37. Pursuant to the NHCPA, N.H. Rev. Stat. § 358-A:10, Plaintiff seeks actual damages (including direct damages and consequential damages) or $1,000, whichever is greater. If Defendants' conduct with respect to the acts alleged herein was willful, Plaintiff seeks treble damages. Plaintiff also seeks an injunction against further NHCFA violations, the costs of the suit and reasonable attorney's fees.

### Count II: Trespass to Chattels

38. Plaintiff incorporates the above allegations by reference as if set forth herein at length.

39. Defendants caused StarForce DRM to be installed on Class members' computers by encoding StarForce DRM in its StarForce Games. Through the operation of StarForce DRM described in Paragraph 18, Defendants used and interfered with Class members' use of their computers.

40. Because Defendants failed to disclose, inadequately disclosed, and/or concealed the StarForce DRM on the StarForce Games and StarForce DRM's potential to cause the

damages and losses described in Paragraph 18, the installation of StarForce DRM foregoing use, interference, or intermeddling was without Class members' consent or, in the alternative, exceeded Class members' consent.

41. Defendants' installation of StarForce DRM and StarForce DRM's operation impaired the condition and value of Class members' computers as alleged in Paragraph 18, and thereby injured Class members.

42. Defendants' installation of StarForce DRM and StarForce DRM's operation constitutes trespass to Class members' chattels, to wit, their computers, under New York common law.

43. There is an actual case and controversy between the Defendants and the Subclass members over whether the Defendants are liable to the Subclass members for trespass to chattels.

44. Plaintiff, on his own behalf and behalf of the other Class members, seeks an injunction for trespass to chattels under New York common law against the Defendants, prohibiting the further distribution of StarForce Games, and mandating a recall of all existing StarForce Games on the market and a returns process for any StarForce Game in possession in a Class member's possession.

45. Plaintiff, on his own behalf and behalf of the other Subclass members, seeks a declaratory judgment under 28 U.S.C. § 2201 that Defendants are liable to himself and other Subclass members for damages for trespass to chattels.

46. On an individual basis, Plaintiff seeks damages (including direct damages and consequential damages) for trespass in an amount to be proved at trial.

### Count III: Negligence

47. Plaintiff incorporates the above allegations by reference as if set forth herein at length, except that, in the alternative, Plaintiff expressly disclaims any allegation of scienter or intentional fraud.

48. Under New York common law, Defendants had a duty to their customers who installed StarForce DRM to exercise reasonable care in the design, manufacture, testing,

processing, advertising, marketing and packaging of StarForce Games.

49. In fact, Defendants never reviewed the source code of StarForce DRM and are essentially ignorant of its actual functionalities, except that they knew or should have known from reports by video game consumers who used games encoded with StarForce DRM that StarForce DRM posed the risks of harm and damage alleged in Paragraph 18.

50. By failing to disclose those risks, Defendants breached its duty under New York common law.

51. Plaintiff and the other Class members had no knowledge of the falsity and/or incompleteness of Defendants' misrepresentations when they bought the StarForce Games or installed the StarForce DRM. Plaintiff and the other Class members relied upon the Defendants' failure to disclose that StarForce DRM posed a risk of the kind of damages alleged in Paragraph 18, and relied on that failure to disclose to their detriment.

52. As a direct and proximate result of Defendants' breach of their duties, Defendants have damaged Plaintiff and the other Subclass members.

53. There is an actual case and controversy between the Defendant and the Subclass members over whether the Defendants are liable to the Subclass members for negligence.

54. Plaintiff, on his own behalf and behalf of the other Subclass members, seeks a declaratory judgment under 28 U.S.C. § 2201 that Defendants are liable to himself and other Subclass members for damages for negligence.

55. On an individual basis, Plaintiff seeks damages for negligence in an amount to be proved at trial.

**Count IV:
Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030**

56. The StarForce DRM in the StarForce Games causes the kinds of computer damage alleged in Paragraph 18, and those damages aggregate to $5,000 in value or more in the year preceding the date this Complaint was filed.

57. Class members' computers are protected computers under the meaning of 18 U.S.C. § 1030(e)(2).

58. Defendants caused StarForce DRM to be transmitted onto Class members' computers by reason of distributing StarForce Games, under the meaning of 18 U.S.C. § 1030(a)(5)(A).

59. Defendants intentionally damaged Class members' computers when they caused StarForce DRM to be transmitted onto their computers.

60. The damage caused to Class members' was unauthorized, by virtue of the Defendants' failure to disclose, inadequate disclosure, and/or concealment of the StarForce DRM on the StarForce Games and StarForce DRM's potential to cause the damages and losses alleged in Paragraph 18.

61. Alternately, or additionally, Defendants accessed Class members' computers by reason of distributing StarForce Games, under the meaning of 18 U.S.C. § 1030(a)(5)(A).

62. Defendants' access to Class members' computers and installation of StarForce DRM was without authorization under the meaning of 18 U.S.C. § 1030(a)(5)(A), by virtue of the Defendants' failure to disclose, inadequate disclosure, and/or concealment of the StarForce DRM on the StarForce Games and StarForce DRM's potential to cause the damages and losses described Paragraph 18.

63. By the acts alleged in this Complaint, Defendants violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

64. There is an actual case and controversy between the Defendants and the Subclass members over whether the Defendants are liable to the Subclass members for violating the Computer Fraud and Abuse Act.

65. Plaintiff, on his own behalf and behalf of the other Class members, seeks an injunction under 18 U.S.C. § 1030(g) against the Defendants, prohibiting the further distribution of StarForce Games, and mandating a recall of all existing StarForce Games on the market and a returns process for any StarForce Game in possession in a Class member's possession.

66. Plaintiff, on his own behalf and behalf of the other Subclass members, seeks a declaratory judgment under 28 U.S.C. § 2201 that Defendants are liable to himself and

other Subclass members for damages under the Computer Fraud and Abuse Act (18 U.S.C. § 1030(g)).

67. On an individual basis, Plaintiff seeks damages under 18 U.S.C. § 1030(g) in an amount to be proved at trial.

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in his favor and against Defendants as follows:

(a) With respect to Count I, treble of either actual damages (including direct damages and consequential damages) or $1,000, whichever is greater, an injunction against further violations of the New Hampshire Consumer Protection Act, and the costs of the suit and reasonable attorney's fees against the Defendants, as well as damages under Counts II, III and IV;

(b) With respect to Counts II, III and IV, declaring the action to be a proper class action and designating Plaintiff and his counsel as representatives of the Class and Subclass;

(c) With respect to the Class claim under Counts II and IV, an injunction which prohibits Defendants from distributing or selling of any video game encoded with StarForce DRM in the future, requires the Defendants to make all reasonable efforts to recall and impound all StarForce Games in their possession or the possession of their agents, and issue refunds to all Class members, as well as other equitable relief, including an accounting, a constructive trust and restitution, in an amount to be determined at trial;

(d) With respect to the Subclass claim under Counts II, III and IV, a declaratory judgment that Defendants are liable to the Subclass members for damages, but which leaves adjudication of the quantum of such damages to individual proceedings;

(e) Awarding pre- and post-judgment interest; and

(f) Granting such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMAND

The Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 11, 2007

By: _____

Oren Giskan
GISKAN SOLOTAROFF & ANDERSON LLP
11 Broadway -- Suite 2150
New York, New York 10004
Telephone: (212) 847-8315
Fax: (646) 520-3237

ogiskan@gslawny.com

Scott A. Kamber
Ethan Preston
KAMBER & ASSOCIATES, LLC
11 Broadway, 22d Floor
New York, NY 10004
Telephone: (212) 920-3072
Fax: (212) 202-6364
skamber@kolaw.com
epreston@kolaw.com